UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBY BUSZ, <br><br> The Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br> Commissioner Of Social Security, <br><br> Defendant. | Case No. 1:23-CV-00393-GSL |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Remand under sentence four of 42 U.S.C. § 405(g) for further proceedings regarding the onset date of the Plaintiff's disability. [DE 21]. Opposing the Motion, the Plaintiff argues that the record currently contains sufficient evidence to establish the onset date of his disability. [DE 22]. For the reasons stated below, the Court disagrees with the Plaintiff and GRANTS the Defendant's Motion to Remand.

## BACKGROUND

The Plaintiff is on his second appeal to the district court, almost seven years after first filing for Disability Insurance Benefits and Supplemental Security Income in August of 2017. [DE 6, page 889]. His claim was denied initially and again upon reconsideration. [DE 6, page 890]. Following an administrative hearing, the Administrative Law Judge ("ALJ") rendered an unfavorable decision, concluding that the Plaintiff was not disabled because he could perform a significant number of jobs in the national economy. [DE 6, page 890]. The Plaintiff requested review by the Appeals Council and was denied, making the ALJ's decision the final decision of the Commissioner. [DE 6, page 890]; *see* 20 C.F.R. §§ 404.981, 416.1481. The Plaintiff then filed a pro se complaint with the district court seeking relief from the Commissioner's decision.

[DE 6, page 890]. On February 2, 2022, the district court reversed and remanded back to the Commissioner, with instructions to revisit both the "physical RFC" and "the amount of time [the Plaintiff] is able to stand or walk during an eight-hour workday." [DE 6, pages 900-901].

On remand, a new ALJ held additional administrative hearings. That ALJ then issued a partially favorable decision to the Plaintiff, having found him disabled without any jobs he could perform in the national economy beginning on February 1, 2023. In response, the Plaintiff filed a second pro se complaint with the district court, appealing the determination that the onset date of his disability was February 1, 2023, not June 30, 2017[1]. [DE 10; 10-1]. On March 28, 2024, the Defendant filed a Motion to Remand under sentence four of the Social Security Act, 42 U.S.C. § 405(g), for this matter to be remanded "for further proceedings regarding the onset date of disability." [DE 21, page 1]. The Plaintiff opposes remand and argues that the record currently contains sufficient evidence to establish the earlier onset date of his disability. [DE 22, page 1; DE 6, page 28].

## **LEGAL STANDARD**

Sentence four of 42 U.S.C. § 405(g) provides that district courts have the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g). Substantial evidence is "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007). When reviewing the entire record to determine if there is substantial

---

[1] The Plaintiff applied for DIB and SSI in August 2017, alleging disability as of January 5, 2015, which he later amended to June 30, 2017. [DE 6, page 28].

2

evidence to support the ALJ's conclusion, the reviewing court will not "decide the facts anew, re-weigh evidence, or substitute [the court's] judgment for the ALJ's." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001).

The ALJ is required to build an accurate and logical bridge from the evidence to their conclusions to afford the claimant meaningful review of their findings. *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citing *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (regardless of whether there is adequate evidence in the record to support an ALJ's decision, the ALJ must rationally articulate the grounds for the decision, building an accurate and logical bridge between the evidence and the conclusion, because review is confined to the reasons supplied by the ALJ)). Although the ALJ need not discuss every piece of evidence in the record, he must confront the evidence that does not support his conclusion and explain why it was rejected. *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). If the evidence on which the ALJ relied does not support the conclusion, the decision cannot be upheld. *Blakes*, 331 F.3d 565, 569 (citing *Steele*, 290 F.3d 936, 941).

## **DISCUSSION**

In determining that the Plaintiff's onset date of disability was February 1, 2023, the ALJ cited Exhibit 35F and specifically referenced both the Plaintiff's fall at the end of December of 2022 and his subsequent prescription for a cane in February of 2023. [DE 6, page 756]. Exhibit 35F is a single medical record from an emergency room visit in February of 2023 containing only a one-sentence narrative which states, "Bobby is a 51 year old patient whose main reason for today's visit is pain in the lower back which has been present for 7 years." [DE 6, page 1492]. The Plaintiff himself seems to have handwritten a note on the medical record exhibit, which reads, "Doctor's dont [sic] just order a cane because you ask them to. I get dizzy a lot

because of high blood pressure (hypertension) my last fall was in December because I wasn't useing [sic] my cane." [DE 6, page 1493]. The ALJ does not provide any explanation for, or even discussion of, the Plaintiff's handwritten note on Exhibit 35F. The ALJ seems to only provide a brief summary of the importance of Exhibit 35F to his determination of the onset date of disability.

> Specifically, the record reflects the claimant had a fall that led to a contusion and acute pain in the left hip at the end of December 2022 (Exhibit 35F/4). This eventually led to the claimant being prescribed a cane by his orthopedic provider at the start of February 2023 (Exhibit 35F/2- 3). The claimant's own testimony at the recent hearing he requires a cane for ambulation when he goes out in public and he has neuropathy, restless leg, a herniated disc and left hip pain also appears consistent with the same beginning in February 2023, (hearing testimony and medical evidence of record). The above residual functional capacity adopts such a restriction herein beginning on the date as a result.

[DE 6, page 763].

Reviewing the administrative record in whole, it appears that the Plaintiff suffered a similar fall in late 2016 or early 2017, which he alleges triggered his inability to work, his back surgery, and his ongoing symptoms. [DE 6, pages 439; 535]. The administrative record also indicates that the first cane was prescribed as early as November of 2017, long before February of 2023. [DE 6, page 535]. The ALJ is required to "confront the evidence that does not support his conclusion and explain why it was rejected," however, here, the ALJ did not address either the earlier falls or the earlier cane prescriptions.

    **i.**    **The Plaintiff's 2017 Emergency Room Visit**

In February of 2017, the Plaintiff visited the emergency room reporting he had fallen several weeks before and had significant pain radiating down his leg. [DE 6, page 439]. During this visit his left leg was found to have "profound weakness." [DE 6, page 826]. Doctors recommended that the Plaintiff undergo back surgery, and in November of 2017, the Plaintiff

4

had a left lumbar laminotomy. [DE 6, page 535]. Unfortunately, the Plaintiff has continued to experience and report significant pain since the surgery, which impacts his ability to work and function on a day-to-day basis. [DE 6, page 326]. The Plaintiff's post-surgery issues are documented in the record from 2018 onward. [DE 6, pages 548; 556; 575-576; 580; 594; 654; 642; 696; 870; 1214; 1224; 1302; 1252; 1267; 1412; 1172; 1492].

During an administrative hearing in December of 2022, the medical expert Dr. Hartsfield, a retired orthopedic surgeon, asserted that the Plaintiff was "[t]emporarily totally disabled for at least six months" after his surgery on November 20, 2017. [DE 6, page 830]. After reviewing his medical records, Dr. Hartsfield was still unable to determine whether the Plaintiff's back had improved since surgery, stating, "I don't know if he's better or not." [DE 6, page 820]. Dr. Hartsfield reported that the Plaintiff was prescribed a cane in 2018, that the Plaintiff's medical records showed little improvement from 2018 to 2019, and that the Plaintiff was on medication for both nerve pain and pain management until at least 2020. [DE 6, page 827].

> By 12-27-18, which is a little over a year from the time of surgery, he had been put on a cane. He was taking Nucynta, which is a pain reliever, and gabapentin, which is for nerve pain. And according to Dr. Harding, he was doing well with that. So there's much less following that. In 2019, physicals are about the same, the points are about the same.

[DE 6, page 827]. The ALJ provided no explanation for why the December of 2022 fall, and not an earlier fall, was sufficient to establish the onset date of disability.

### ii.    The Plaintiff's 2017 Prescription for a Cane

The ALJ cited the Plaintiff's prescription for a cane in February of 2023, after his fall in December of 2022, to support the determination of the onset date of the Plaintiff's disability. [DE 6, page 763]. However, according to the administrative record, the Plaintiff was first prescribed a cane in 2017. [DE 6, page 558]. Additionally, the Plaintiff has been prescribed a

5

cane at least three more times since then. [DE 6, pages 558; 535; 643; 728; 1289]. The ALJ concluded that "while there are few notations of use of a cane, such use is not consistent prior to the established onset date." [DE 6, page 735]. In support of this, the ALJ cited medical records for seven individual appointments across seven years where "no gait disturbance" was noted. [DE 6, page 735]. Contrary to this, the administrative record seems to indicate regular use of a cane (or wheelchair) from 2017 onward. [DE 6, pages 1445; 533-535, 556; 112, 115; 147; 643; 712; 721; 728; 725; 1289; 1286; 1340; 1412, 1416; 824; 57; 1480]. In fact, during a Disability Determination Examination in March of 2018, the examining doctor, who was contracted by the Disability Determination Services, noted that the cane was "medically necessary" and that there were "findings to support" this. [DE 6, page 592]. The ALJ's decision does not discuss the earlier prescriptions for a cane, nor does it address the many mentions of cane and wheelchair use in the administrative record.

## **ANALYSIS**

The ALJ is required to build an accurate and logical bridge from the evidence to their conclusions to afford the claimant meaningful review of the SSA's findings. *Blakes*, 331 F.3d 565, 569. Although the ALJ need not discuss every piece of evidence in the record, he must confront the evidence that does not support his conclusion and explain why it was rejected. *Indoranto*, 374 F.3d 470, 474. If the evidence on which the ALJ relied does not support the conclusion, the decision cannot be upheld. *Blakes*, 331 F.3d 565, 569.

Here, there is no "accurate and logical bridge" for this Court to follow to understand the ALJ's reasoning in determining the onset date of disability. The ALJ did not confront the evidence that does not support his conclusion to reconcile the administrative records with the decision. The ALJ did not explain why this most recent cane prescription, and none of the earlier

6

prescriptions, was sufficient to establish the onset date of disability, nor did the ALJ address the many mentions of cane or wheelchair use throughout the administrative record. Here, there is no "accurate and logical bridge" for this Court to follow to understand the ALJ's reasoning in determining the onset date of disability. Since it is unclear whether there is substantial evidence to support the ALJ's conclusion, the decision cannot be upheld.

## **CONCLUSION**

The Court hereby GRANTS the Defendant's Motion to Remand [DE 21], REVERSES the decision of the Commissioner, and REMANDS this matter under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. Upon remand, the ALJ will offer the Plaintiff an opportunity for a new hearing, take further action necessary to complete the administrative record, reevaluate the medical opinions, obtain supplemental vocational expert testimony if necessary, and issue a new decision.

SO ORDERED.

ENTERED: May 14, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court